IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE JENKINS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | CV 00-C-0005-S |
| BIRMINGHAM BUDWEISER ) | |
| DISTRIBUTING COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION ON DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Defendant has moved for Summary Judgment. Based on the undisputed facts which follow, the Court concludes that Defendant is entitled to judgment as a matter of law.

I. The Undisputed Facts

Plaintiff, an African American male, was hired by the Defendant on August 10, 1992, as a warehouseman. Three years later, on August 7, 1995, Plaintiff was promoted to the position of salesman and assumed the position of swing-driver. The Plaintiff performed well and was awarded Salesman of the year in 1997. On February 1, 1998, Plaintiff was promoted to the position of District Manager. Approximately a year later Plaintiff told his supervisor that he wished to return to the position of Salesman because

> [a]t that time, [he] was discouraged about the group that [he] had, and ... [he] felt like he was friends with most of the people in the [Sales] group, and he felt like [he] couldn't manage [the District Manager position] at that time.

Plaintiff was thereafter returned to the position of salesman, although it amounted to a demotion.

1

On July 15, 1999, Plaintiff was overpaid by a customer. Plaintiff knew that company policy required that he deposit any overage into the company's account so that a refund to the customer could be processed. Ignoring company policy, Plaintiff placed the overpayment in his own personal savings account.

Plaintiff was terminated several days later, on July 26, 1999, on the ground that Plaintiff had mishandled company funds.

There is no evidence that Defendant failed to discharge any white salesman who converted company funds to his personal account.

## II. Applicable Law

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. See Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). When passing on a motion for summary judgment, the court must view the facts in a light favorable to the nonmoving party.

The Eleventh Circuit recently clarified the summary judgment standard in employment discrimination cases stating that "the summary judgment rule applies in job discrimination cases just as in other cases." Chapman v. AL Transport, 229 F.3d 1012, 1026 (11th Cir. 2000). This decision abrogated the previous view that summary judgment was not a proper vehicle for employment discrimination claims which often turn on an employer's motivation and intent. Id. at 1025 (citing Delgado v. Lockheed-Georgia Co., 815 F.2d 641, 644 (11th Cir. 1987); accord Batey v. Stone, 24 F.3d 1330, 1336 (11th Cir. 1994)).

To prevail on a claim of racial discrimination by circumstantial evidence, Plaintiff must

first establish a *prima facie* case. Once the Plaintiff establishes his *prima facie case*, the employer must proffer a legitimate, non-discriminatory reason for the adverse employment action. Holifield v. Reno, 115 F.3d 1555, 1566 (11th Cir. 1997). If the employer offers a legitimate reason for the employment action, the plaintiff must then demonstrate that the employer's proffered explanation is a pretext for retaliation. Id.

### III. Analysis

Plaintiff has abandoned his claims of discriminatory promotions, route assignments, and adverse terms and conditions of employment. His only remaining claims are 1) a racially discriminatory demotion, and 2) a racially discriminatory discharge.

Defendant's articulated reasons for the Plaintiff's demotion are 1) Plaintiff requested the transfer back to a sales position, and 2) plaintiff's poor performance. The undisputed evidence shows precisely the opposite of pretext. Plaintiff testified that he requested the transfer, and he testified that he could not manage the managerial position which he had held. Plaintiff's testimony simply affirms the legitimate, non-discriminatory reason articulated by Defendant for his demotion.

Plaintiff has utterly failed to show that the articulated reason for his discharge is pretextual. He admits that he knowingly converted the Company's money to his personal account. He acknowledge in his deposition that both white and black employees who converted company money to their own use were terminated for the first offense. The evidence does not show a single white employee who, after the Company became aware that he converted its property to his own use, was not terminated. In short, Plaintiff has failed to show pretext.

By separate order, Defendant's Motion for Summary Judgment will be granted.

Done this **31st** day of July, 2002.

*[signature]*

Chief United States District Judge
U.W. Clemon